Wm. S. Hatch *against* Wm. Pittus.        *December*, 1821.

JUDGE *Saffold* delivered the opinion of the Court.

*Hatch* brought his action of Covenant in the Circuit Court of *Lawrence* county. The declaration sets out, that by articles of agreement, sealed, &c. plaintiff contracted to sell the defendant his interest in the *Courtland* Company, (specifying the number of shares) a quarter section of land, &c. In consideration whereof, defendant agreed to pay him at *Cincinnati, Ohio*, on or before *the first day of March*, 1820, 8000lbs of cotton of the first quality, rated at 24 cents per pound. The plaintiff to assign to defendant the town-stock and other property sold *on the delivery of the cotton*—that plaintiff well and truly performed, &c. all things contracted on his part; and at all times after making the agreement, and before and on said first day of *March*, 1820, was ready to receive the cotton at *Cincinnati*, and on delivery thereof, to assign to defendant, &c.; but defendant

1, In covenant it is not necessary to set out in the declaration matter of defeazance, for benefit of plaintiff.

7

<div style="margin-left-note">

DECEMBER, 1821.

Wm. S. Hatch
v.
Wm. Pittus.

2, Covenant lies on articles of agreement, containing penalty for non-performance.

</div>

did not, on the day appointed, or at any time before or afterwards, pay and deliver the cotton or any part thereof, &c.

The defendant craved oyer, and the Deed as above was set out, (in which each party bound himself to the other for a fulfilment of his contract in the penalty of $2000,) and a supplemental agreement, written on the same sheet, and also sealed, &c. by the parties, stating that plaintiff had some time before requested B. *M'Kiernan* to sell the property then contracted to defendant; and as it was not known but that *M'Kiernan* had sold, the contract should be void if this were the case. The defendant then demurred generally. The Circuit Court sustained the demurrer, and the plaintiff prosecuted a writ of Error, and assigned as *Error* the judgment on the demurrer.

In support of the judgment of the Circuit Court it is contended that the subsequent agreement should have been set out in the declaration, acccompanied with an averment that *M'Kiernan*, the plaintiff's agent, had not sold the property, and that notice of that fact had been given to the defendant. This part of the agreement was for the benefit of the plaintiff, and was not to have any effect but on an event which is substantially negatived by the averment that the plaintiff, at, before, and always after the appointed time, was ready to assign the property, according to the contract. If the agent had sold, the contract was to be void. If this matter of defeazance could have availed the defendant, he could after oyer have had the full benefit of it by plea. Its omission in the declaration afforded no ground for a general demurrer.(a)   It is also contended that the action should have been Debt and not Covenant. From the nature of the instrument it is obvious that the plaintiff had his election, to sue in Covenant for the breach of the agreement, or in Debt for the penalty.

<div style="margin-note">(a) 1 *Chitty's. P.* 170.</div>

The judgment must be reversed, and the cause remanded for further proceedings.

*Minor* and *Taylor*, for plaintiff.
*Henderson* and *M'Clury*, for defendant.